**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-60268**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**KEVIN DION WILEY, also known as**
**Edward Jackson; MACK DANCY,**

**Defendants-Appellants.**

_____

**Appeal from the United States District Court**
**for the Northern District of Mississippi**
**(3:94-CR-078)**

_____

**August 7, 1996**

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Kevin Wiley and Mack Dancy appeal their convictions for conspiracy to possess and aiding and abetting the possession of, crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846, and 18 U.S.C. § 2. They contend that the evidence, largely the testimony of a co-conspirator, Williams, was insufficient to support the verdict against them on both counts.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

There is no requirement that testimony by a co-conspirator fulfilling a plea bargain be corroborated by independent evidence. The jury is entrusted with the responsibility of evaluating the credibility of witnesses, and even uncorroborated testimony of a co-conspirator will sustain a guilty verdict unless, as is not the case here, the testimony is incredible or otherwise insubstantial on its face. *United States v. Gardea Carrasco*, 830 F.2d 41, 44 (5th Cir. 1987). The evidence was sufficient to establish the requisite elements for a conspiracy conviction under 21 U.S.C. § 846 and for aiding and abetting the possession of crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.

Wiley contends that the district court erred by refusing two proposed jury instructions on accomplice testimony. The existence of Williams' plea agreement was fully disclosed to the jury; and, the district court properly instructed the jury on the caution with which accomplice testimony is to be received, and that it should not convict a defendant on the basis of the unsupported testimony of an alleged accomplice unless it believed that testimony beyond a reasonable doubt. The charge, as a whole, is a correct statement of the law and clearly instructs jurors as to the principles of law applicable to the factual issues confronting them. *See United States v. Clements*, 73 F.3d 1330, 1338 (5th Cir. 1996).

Wiley and Dancy contend that the disparity between sentences

imposed for powder cocaine-related offenses and crack cocaine-related offenses violates the equal protection component of the due process clause. This contention is foreclosed under our prevailing jurisprudence. *See, e.g.*, **United States v. Wilson**, 77 F.3d 105, 112 (5th Cir. 1996). Wiley and Dancy seek reconsideration of this jurisprudence, asserting, for the first time on appeal, that there is no medical or scientific evidence to support Congress' continued imposition of the disparity, and that Congress' rejection of the Sentencing Commission's proposal to equalize penalties for crack and powder cocaine-related offenses demonstrates discriminatory intent. Plain error considerations aside, we generally will not consider new evidence on appeal. *See* **United States v. Flores**, 887 F.2d 543, 546 (5th Cir. 1989). Moreover, in the absence of an overriding Supreme Court decision, a change in statutory law, or an en banc decision by our court, our court's prior rulings are binding. *E.g.,* **United States v. Zuniga-Salinas**, 952 F.2d 876, 877 (5th Cir. 1992) (en banc).

*AFFIRMED*